UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IAIN SHOVLIN,

    Plaintiff,

    v.

PAUL CARELESS, et al.,

    Defendants.

_____/

No. C 12-1120 PJH

**ORDER STRIKING AMENDED COMPLAINT**

On March 18, 2014, plaintiff filed a "second amended verified complaint" in this already-closed action. Plaintiff's filing is improper in a number of ways, and therefore, the court finds that it must be STRICKEN.

First, judgment was entered in this case on June 26, 2013[1], and the case was closed on the same day. Plaintiff has not moved to re-open the case, nor has he moved to set aside or otherwise alter the judgment.

Moreover, even if plaintiff had moved to set aside the judgment, he has not sought leave to amend his complaint. Plaintiff simply filed an amended complaint without any prior notice, over seven months after this case was closed and judgment entered.

Finally, before the case was dismissed for lack of subject matter jurisdiction, plaintiff did request leave to amend, and his request was expressly denied by Judge Spero. See Dkt. 71 at 12. Judge Spero noted that the Ninth Circuit has held that "a district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint." Id. (citing Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 n.2 (9th Cir. 1988)). The Morongo court went on to hold that "[s]ubject matter

---

[1] An amended judgment was entered on August 2, 2013, correcting a possible inconsistency between the judgment and the dismissal order.

jurisdiction must exist at the time the action is commenced. If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." Id. (citing Morongo, 858 F.2d at 1380-81). Thus, even if plaintiff had moved to set aside the judgment (which he did not), and even if he had sought leave to amend his complaint (which he did not), leave to amend would have to be denied for the same reason that leave to amend was already denied – the court lacks subject matter jurisdiction over this complaint, and no subsequent amendment can change that. Accordingly, plaintiff's "second amended verified complaint" is STRICKEN, and any future filings in this case will be similarly stricken.

**IT IS SO ORDERED.**

Dated: March 19, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

2